708 A.2d 801

**BETHLEHEM STEEL CORPORATION, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BAXTER), Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 16, 1996.

Decided March 9, 1998.

John J. Bagnato, Johnstown, for Bethlehem Steel Corp.

Joseph Cirilano, Pittsburgh, for Joseph Baxter.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

ZAPPALA, Justice.

■ The issue presented is whether a claimant is entitled to receive worker's compensation benefits for a pre-existing non-work related condition when the claimant has fully recovered from any work-related injury caused by an aggravation of that condition. We find that a claimant is not eligible for worker's compensation benefits under such circumstances.

Joseph Baxter, a 31–year old welder employed by Bethlehem Steel Corporation, suffers from asthma. He was diagnosed with asthma during his childhood. While employed as a welder, Baxter suffered from breathing problems when he was exposed to fumes from paint used on freight cars. Bethlehem Steel paid for Baxter's period of disability relating to the inhalation of paint fumes, and Baxter's entitlement to benefits for that period is not an issue in this case. Baxter's lung functions returned to normal after August 22, 1991; however, Baxter did not return to work based on his physician's recommendation.

On September 3, 1991, Baxter filed a claim petition seeking total disability benefits. At the hearing on the petition, Baxter's medical expert testified that Baxter's lung functions returned to normal after August 1991, but Baxter's severe allergic asthma unrelated to work would put him at risk for further exacerbation of the asthma if he returned to work. The medical evidence established that Baxter's work-related injuries had been completely resolved. It was undisputed that Baxter's exposure to paint fumes had not resulted in any permanent injury to him.

The referee granted Baxter's claim for total disability benefits beginning February 17, 1991, and continuing into the indefinite future.[1] Bethlehem Steel appealed and the Work-

---

1. This case was heard prior to the passage of Act 44 of 1993 in which the title of referee was redesignated as "workers' compensation judge." 77 P.S. § 701.

men's Compensation Appeal Board affirmed. The board held that Baxter was entitled to continuing total disability benefits in spite of the fact that he was able to perform his job because returning to the work environment would result in disability.

On appeal to the Commonwealth Court, Bethlehem Steel argued that Baxter was not entitled to continuing benefits because his condition was not causally linked to any work-related injury, but only to a general prophylactic restriction on returning to an allergen-filled workplace. The Commonwealth Court affirmed the board. Citing our decisions in *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987) and *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Company)*, 514 Pa. 450, 525 A.2d 1204 (1987), the court held that when a return to the workplace would exacerbate a pre-existing condition and subject the employee to further aggravation of that condition, even though the employee's pre-existing condition is not work-related, the employee is entitled to worker's compensation benefits.

We granted Bethlehem Steel's petition for allowance of appeal in order to consider Baxter's eligibility for benefits where he was unable to return to work because his pre-existing condition would be exacerbated if he should return to work.

A claimant is not entitled to receive benefits when he recovers from an injury. "[E]ntitlement to benefits under the Act is contingent upon proof that the claimant suffered an injury or disease in the workplace *and* the injury or disease affects his or her ability to earn a wage." *Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 537 Pa. 32, 36, 640 A.2d 1266, 1268 (1994) (emphasis supplied).

In *Republic Steel,* we reiterated the longstanding principle that eligibility for workers' compensation benefits requires that a claimant prove both the existence of a work-related injury and the loss of earning power. We referred to the seminal case of *Unora v. Glen Alden Coal Company,* 377 Pa. 7, 12, 104 A.2d 104, 107 (1954), wherein we adopted the

following language from a treatise on Workmen's Compensation Law:

> [T]he disability concept is a blend of two ingredients, ... the first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is de facto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything. . . .
>
> The proper balancing of the medical and the wage-loss factors, is, then, the essence of the 'disability' problem in workmen's compensation.

The claimant in *Republic Steel* was permanently disabled as a result of coal worker's pneumoconiosis developed while employed in the coal industry. Because the claimant had voluntarily retired, the employer asserted that he had suffered no work loss and was not entitled to benefits under the Act. We held that the claimant was ineligible for benefits, stating "where the claimant suffers a disability which has no effect upon his earning power, no entitlement to benefits arises under the Act." 537 Pa. at 37, 640 A.2d at 1269.

■ A workers' compensation claimant's burden of proof is two-fold to establish eligibility for benefits. The claimant must prove that he was injured in the course of his employment and that the injury resulted in a loss of earning power. The claimant in *Republic Steel* continued to suffer from work-related pneumoconiosis but was ineligible for benefits because his loss of earning power resulted from his voluntary retirement. Conversely, in this case Baxter has proven a loss of earning power, but no longer suffers from a work-related injury.

The referee accepted the medical opinion of Baxter's own medical expert that the restrictions placed on Baxter had nothing to do with his actual employment at Bethlehem Steel. The referee specifically found that all of the medical experts had agreed that "the same prophylactic restriction on Claimant's work in a dusty environment would have been placed on

the Claimant *whether or not he ever worked at Bethlehem Steel Corporation or had the episodes of exacerbation of his pre-existing asthma....* " Referee's Finding of Fact No. 6 (emphasis added). Therefore, Baxter has failed to establish his eligibility for benefits.

Baxter cites no authority of this Court that would permit a claimant who has fully recovered from a work-related injury to receive benefits.[2] His reliance upon *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987) (Opinion Announcing the Judgment of the Court), is misplaced. In *Farquhar*, the claimant was employed by Corning Glass as a screen-maker. Her responsibilities included the manual production of frames and screens used to make decorative designs for Corning Glass products. She developed thrombosis which obstructed the flow of blood to her arm.

The claimant's medical expert testified that the incidents of thrombosis were caused by her work as a screen-maker. The employer cross-examined the expert as to whether the claimant had a physiological makeup that caused the thrombosis. The expert did not waver in his opinion as to causation, although he conceded that the claimant may have had a tight thoracic outlet that would result in more pressure on the vein extending down to the arm. The referee denied the claimant's petition for reinstatement of benefits, concluding that although she had sustained a work-related injury she had returned to work without a loss of earning power. The referee's decision was sustained by the Workmen's Compensation Appeal Board and the Commonwealth Court.

In a plurality opinion, this Court reversed on the basis that the claimant had met her burden of proving her eligibility for benefits. The opinion stated that the referee had improperly disregarded the claimant's consistent, unequivocal medical testimony that the claimant had been seriously injured as a direct result of the work done at her place of employment and that

2. Baxter relies primarily upon decisions of the Commonwealth Court which merely reflect the same conflict with this Court's precedent addressed herein.

she could not perform her job because she would risk being seriously injured again if she resumed her position. In *Farquhar*, the claimant introduced evidence that her thrombosis was directly caused by her employment. Although the employer suggested on cross-examination that the claimant's injury was not caused by her work, the claimant's medical expert's opinion as to causation was unchanged.

*Farquhar* is distinguishable from this case because it is undisputed that Baxter's asthma was a pre-existing condition and was not directly caused by his employment. To the contrary, the referee found that the prophylactic restrictions placed on Baxter would have been placed on him regardless of whether or not he ever worked at Bethlehem Steel or had the episodes of exacerbation of his pre-existing asthma.

We have held that under certain circumstances, a claimant may be eligible for benefits where a work-related injury results in a diminution of earning power. *Lash v. Workmen's Compensation Appeal Board*, 491 Pa. 294, 420 A.2d 1325 (1980). The issue presented in *Lash* was whether claimants who were required to handle lead daily during the course of their employment were entitled to an award of compensation for partial disability when they were involuntarily transferred to lower paying lead-free jobs because they had become lead absorbers. The claimants were employed by a manufacturer of lead-lined batteries which required daily exposure to the risks of lead handling. Periodic tests conducted by their employer to determine the lead content of their blood indicated that the claimants had become lead absorbers, i.e., they had begun to absorb lead into their bloodstreams at an abnormally high rate. The employer transferred the claimants to lower paying positions in which they would not come into contact with lead. The claimants sought occupational disease benefits to compensate them for their loss of earnings.

We held that the claimants had sustained a work-related injury of lead poisoning, which is defined under the Act as an occupational disease, and that they were entitled to partial disability benefits. The claimants had undergone physiological changes as a direct result of their exposure to lead; the

amount of lead in their bodies had reached abnormal levels and caused them to become lead absorbers. The claimants continued to suffer from their work-related injuries when the claims were made. Unlike this case, the *Lash* claimants had established both an ongoing work-related injury and the loss of earning power as required under the Act.

The claimants in *Farquhar* and *Lash* suffered from *residual work-related injuries* that were never resolved. The claimant in *Farquhar* continued to suffer from thrombosis which was caused by her employment; the *Lash* claimants continued to suffer from lead absorption which was caused by their employment. These work-related injuries were ongoing. The *Farquhar* claimant did not fully recover from the thrombosis; the blood of the *Lash* claimants did not become lead free.

Had Baxter introduced medical evidence in this case that his exposure to paint fumes at Bethlehem Steel had resulted in an ongoing condition that affected his pulmonary capacity, *Farquhar* and *Lash* would be controlling. Instead, Baxter's medical expert found no evidence that the claimant had sustained any continuing changes to his pulmonary capacity or in the functioning of his lungs.

Baxter is unable to cite to any decision of this Court in which we have held that workers' compensation benefits are available to a claimant who no longer suffers from any work-related injury, and relies instead on cases in which the claimants suffered from residual physical injuries caused by their employment.

The Workers' Compensation Act is the means to obtain compensation for injuries which has been substituted for common law tort actions between employees and employers. *Kachinski v. Workmen's Compensation Appeal Board,* 516 Pa. 240, 532 A.2d 374 (1987). It undermines the principles of the Act to impose liability on an employer for the existence of a condition present from childhood when no residual work-related injury is demonstrated. Baxter was properly paid worker's compensation benefits for the period of time he was disabled by conditions at his workplace, as those conditions

exacerbated his pre-existing condition, but once he had fully recovered from that disability, he was ineligible for benefits.

Accordingly, the order of the Commonwealth Court is reversed.

NEWMAN, J., did not participate in the consideration or decision of this case.

CAPPY, J., files a Dissenting Opinion in which NIGRO, J., joins.

CAPPY, Justice, dissenting.

Because I find that the majority has ignored case law which is squarely on point with the matter *sub judice* and instead relies upon case law which is inapposite, I must respectfully dissent.

Ten years ago, this court decided a case which is strikingly similar to the matter presently before us. *Pawlosky v. Workmen's Compensation Appeal Board,* 514 Pa. 450, 525 A.2d 1204 (1987). The claimant in *Pawlosky* suffered from a pre-existing asthmatic condition which was exacerbated by exposure to chemicals in the work-place. *Id.* at 454, 525 A.2d at 1206. In considering whether the exacerbation of a pre-existing condition could be deemed an "injury" under the Worker's Compensation Act ("Act"), we held that the definition of "injury" is

> broad enough in its scope to encompass all work-related harm to the employee 'regardless of his previous physical condition.' It may now be said, generally, that an employer takes an employee as he comes. Specifically included in the [present] conception of 'injury' is the job-related aggravation, reactivation or acceleration of a pre-existing disease, *even if the underlying disease itself was not caused by a work-related injury.*

*Id.* at 459, 525 A.2d at 1209 (emphasis supplied). We thus reasoned that the aggravation of the claimant's pre-existing asthmatic condition was a compensable "injury".

*Pawlosky* is unquestionably on point with this matter: both the claimant in that matter and in the matter *sub judice* suffered from a pre-existing condition that was exacerbated by exposure to elements in the work place. This court in *Pawlosky* held that such exacerbation of the claimant's pre-existing asthmatic condition was an "injury" within the meaning of the Act. So, too, should this court find that the exacerbation of Joseph Baxter's pre-existing asthmatic condition is also an "injury".

Curiously, the majority mentions *Pawlosky* only to note that the Commonwealth Court below relied upon it in making its determination. Rather than grappling with that case which is on point with this matter, the majority, as the main support of its opinion, relies upon *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 537 Pa. 32, 36, 640 A.2d 1266, 1268 (1994). I find the reliance on *Republic Steel* to be questionable as that case was not concerned with the issue of whether the claimant had sustained an "injury" as defined by the Act—the issue which is presented in the matter *sub judice.* Rather, the crux of that case was a wholly different issue: whether the claimant's loss of earnings was due to the injury he sustained. Since *Republic Steel* presented no rationale on the issue of what constitutes an injury, I believe that it does not advance the analysis of the matter presently before the court.

Thus, for the aforementioned reasons, I respectfully dissent.

NIGRO, J., joins this Dissenting Opinion.