**Lois McCABE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DEPARTMENT OF REVENUE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 1999.
Decided Aug. 26, 1999.

James J. Muller, Philadelphia, for petitioner.

Jonathan B. Young, Lansdale, for respondent.

Before COLINS, President Judge, and FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Lois McCabe (Ms. McCabe or Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed in part and reversed in part an order of the Workers' Compensation Judge (WCJ). We vacate and remand.

The WCJ made the following relevant findings of fact:

1. The Claimant was employed by the Pennsylvania Department of Revenue doing telephone work with delinquent taxpayers on April 4, 1995 at an average weekly wage of $520.00. The Claimant alleged disability due to aggravation of asthma caused by secondhand smoke in the work environment.

2. Beginning in November 1994, Claimant developed a cough. Claimant worked until April 4, 1995 when she stopped due to shortness of breath, wheezing and her severe loud cough. Claimant testified that her symptoms were aggravated by exposure to cigarette smoke at work. . . .

3. Claimant returned to work after May 24, 1995 and worked with a continuing cough to July 12, 1995 when she was out until July 21, 1995. Claimant returned to work from July 21, 1995 to September 8, 1995 **when she was no longer able to continue due to the cough and shortness of breath.** It was stipulated at the January 27, 1997 hearing that if the Claimant were called to testify, she would testify that exposure to cigarette smoke still causes problems.

4. The Claimant testified that although there was a change in the smoking policy by her return to work, she was still exposed to cigarette smoke.

. . . .

7. Claimant presented the testimony from Dr. Megan Taylor, board certified in adult and pediatric medicine. She specializes in allergies. Dr. Taylor first examined Claimant on November 2, 1995 and found prolonged expiratory wheezing and turbinate edema. Dr. Taylor treated Claimant. Dr. Taylor testified that cigarette smoke caused Claimant's cough and aggravated Claimant's asthma and the Claimant needs a smoke-free environment in order to return to work.

9. The [W.C.] Judge finds Claimant's testimony credible. The Judge finds Dr. Taylor, as an allergist more credible than Dr. Egoville [the Employer's expert], an internist, on the issue at bar. The Judge finds Claimant suffered a disabling work injury in the nature of an aggravation of her asthma on April 4, 1995 which rendered her disabled to May 24, 1995, from July 12, 1995 to July 21, 1995 and as of September 8, 1995.

(Emphasis added). Based on the foregoing findings of fact, the WCJ ordered that Claimant receive total disability benefits from April 4, 1995 to May 24, 1995 and from July 12, 1995 until July 21, 1995 and ongoing from September 8, 1995.

The Pennsylvania Department of Revenue (Employer) appealed to the Board. The Board affirmed the WCJ's order with respect to the two closed periods of compensation but reversed the WCJ's grant of ongoing benefits from September 8 and thereafter. The Board reasoned as follows:

> On Appeal the Defendant [Employer] avers that the Claimant has failed to produce substantial competent evidence to support an award of benefits. We agree in part.
>
> We have reviewed the testimony of Claimant's medical witness, Dr. Taylor. While it is true that Dr. Taylor testified that the Claimant suffered disability during the two (2) closed periods referenced above, her testimony does not support an award for continuing benefits. In a case such as this, where there is an underlying condition that is not work related, the Claimant must show continuing existing disability in order to receive benefits. Where, as here, the Claimant's asthma condition has returned to normal, she is no longer considered to be disabled. *Bethlehem Steel Corporation v. W.C.A.B. (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998).
>
> Dr. Taylor testified (Tr. 5/14/96 pp. 27 and 28) in pertinent part as follows:
>
> "Q With respect to Lois, does the smoking have any effect on these diagnoses that you have made?
>
> A I think passive cigarette smoke could be the trigger for her asthma.
>
> Q You saw her November of '95, and what was the purpose for that meeting?
>
> A I saw her in November of '95 for a follow-up visit because I started her on the medications and I wanted to see whether or not she had improved at all, with respect to her disease and her coughing.
>
> Q How was she progressing?
>
> A She was away from her environment and she felt that she was no longer coughing and felt much better. I discussed with her that she was very allergic."

Board's opinion at pp. 3–4. From the order of the Board, reversing the WCJ in part, Ms. McCabe petitions this court for review.[1]

The sole issue which Ms. McCabe presents for our review is whether the Board erred in reversing the WCJ's ongoing award of benefits. Ms. McCabe argues that there was substantial evidence of record to support the WCJ's determination that she continued to be disabled from the work-related aggravation of her pre-existing asthmatic condition following September 8, 1995. *See e.g.,* Reproduced Record (R.R.). at 37a wherein Ms. McCabe testified that when she left work in September of 1995, she was experiencing shortness of breath and coughing and that she was treating with doctors thereafter. Ms. McCabe notes that the WCJ credited her testimony. See also R.R. at pp. 109a–115a wherein Dr. Taylor testified regarding the symptoms Ms. McCabe was experiencing at the time of Dr. Taylor's November 2, 1995 exam of Ms. McCabe and the fact that she placed Ms. McCabe on medications for those symptoms. Dr. Taylor testified inter alia that "I also told her [Ms. McCabe] that her symptoms were triggered by passive cigarette smoke . . ."

---

1. Appellate review over an order of the Board is limited to determining whether an error of law was committed, constitutional rights were violated or whether necessary findings of fact by the WCJ are supported by substantial evidence. *Reinforced Molding v. Workers' Compensation Appeal Board (Haney),* 717 A.2d 1096 (Pa.Cmwlth.1998), *allocatur denied,* 1999 WL 62221, 1999 Pa. Lexis 300 (Pa. Feb. 11, 1999), *reconsideration denied,* —— Pa.

R.R. at 111a. Ms. McCabe notes that the WCJ also found Dr. Taylor credible. We agree with Ms. McCabe that there was substantial evidence of record to support the WCJ's F.F. Nos. 3 and 9 to the extent that Ms. McCabe was disabled beyond September 8, 1995 contrary to the Board's decision that she was not.

Nevertheless, the Board ordered Claimant's benefits terminated as of September 8, 1995 despite the substantial evidence of record by which we find Claimant carried her burden to prove disability beyond September 8, 1995. The Board apparently did so under the belief that Ms. McCabe's aggravation of her asthma ceased as of September 8, 1995 for the Board stated that "[w]here, as here, the Claimant's asthma condition has returned to normal, she is no longer considered to be disabled." Board opinion at p. 4. We find that the Board's opinion erroneously, albeit impliedly, finds as a fact that Ms. McCabe's aggravation of her asthma was resolved as of September 8, 1995. Indeed, in support of the Board, the Employer relies upon that very "fact." Employer argues that "[i]n our situation, the Claimant's asthmatic condition returned to normal when not in the workplace." Employer's brief at p. 11. Nowhere in the WCJ's factual findings is the assertion that Ms. McCabe's aggravation resolved itself. Indeed, given the WCJ's order of ongoing disability benefits beyond September 8, 1995, the WCJ, if anything, impliedly found as a fact that Ms. McCabe continued to suffer the disabling symptoms of the work-related aggravation of her asthma after September 1995.

However, it is not incomprehensible why the Board did what it did. Notwithstanding the substantial evidence of record that supports the existence of Ms. McCabe's work related disability in the nature of an aggravation of her asthma beyond September 8, 1995, there is also evidence of rec-

ord proffered by Ms. McCabe which the WCJ found credible that suggests that at some point in time after November 2, 1995, the symptoms of the aggravation may have resolved. *See, e.g.,* R.R. at 118a wherein the following exchange took place on May 14, 1996 between Mr. Muller, Claimant's attorney and Dr. Taylor, whose testimony the WCJ credited:

Q. Why do you think that her [Ms. McCabe's] symptoms had abated by the time she came back to see you in February [1996]?

A. I think it was because she was away from cigarette smoke and her asthma event had been treated. . . .

*See also* R.R. at 39a wherein the following exchange took place on December 13, 1995 between Mr. Muller and Ms. McCabe whose testimony the WCJ credited:

Q Do you continue to suffer from the problems that you explained to the Judge; one; shortness of breath?

A No I feel good.

Q How is your cough?

A I have a slight cough, but basically I would say I feel great compared to when I had worked in the Philadelphia District Office. I feel well. I feel great.

Q Now listen to this question. If you are in a smoke-free area, are you able to perform all the job duties attendant to a telephone unit person?

A Yes, I am.

Given this evidence inter alia, from individuals the WCJ apparently determined to be credible in toto,[2] the Board concluded that Claimant failed to sustain her burden in this claim petition of proving disability beyond September 8, 1995. *See, e.g., Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis),* 166 Pa.Cmwlth. 141, 646 A.2d 51 (1994) (claimant in a claim petition has burden of proving ongoing disability throughout the pendency of the claim petition). The Board

—, — A.2d —, 1999 Pa. Lexis 740 (Pa. March 23, 1999).

**2.** The WCJ as sole arbiter of credibility, may believe all, part or none of a witness' testimo-

ny. *Dana v. Workers' Compensation Appeal Board (Hollywood),* 706 A.2d 396 (Pa.Cmwlth. 1998), *allocatur denied,* 556 Pa. 696, 727 A.2d 1123 (1998).

committed two errors. First, because there is substantial evidence of record which the WCJ credited to support a finding that Ms. McCabe was disabled beyond September 8, 1995, the Board erred in concluding otherwise. Second, the Board erred in concluding that the testimony of Dr. Taylor that Claimant's symptoms had abated and Claimant's testimony that she could return to work in a smoke-free environment which could support a finding that Ms. McCabe's aggravation had resolved necessarily established that Claimant was fully recovered. Even if believed, this evidence may not necessarily constitute evidence of full recovery if there are restrictions placed upon the Claimant which restrictions are causally related to the work-related aggravation as opposed to being solely due to the pre-existing non work-related asthma. *Compare Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998)(where restriction is related solely to the non-work related pre-existing condition, no entitlement to ongoing benefits) *with Reinforced Molding v. Workers' Compensation Appeal Board (Haney)*, (where restriction is related to the aggravation as opposed solely to the non-work related condition, claimant is entitled to ongoing benefits). Thus, rather than engage in credibility determinations and fact finding to determine that Claimant returned to normal after September 8, 1995, the proper course for the Board would have been to remand this case to the WCJ for him to explicitly address the evidence cited above and make further factual findings and to take whatever actions which he deemed necessary to do so. *See, e.g., Workmen's Compensation Appeal Board v. Burke–Parsons Bowlby Corp.*, 25 Pa.Cmwlth. 498, 359 A.2d 855 (1976)(Board may remand a case to a WCJ when the WCJ has failed to make a finding on a crucial issue necessary for the proper application of the law or where the findings of fact are so inadequate that proper appellate review is rendered impossible).

Accordingly, we vacate the Board's order that reversed the WCJ's order, which had granted benefits after September 8, 1995 and we remand this case to the Board for it to remand to the WCJ to take those steps which the WCJ finds necessary in order to address the evidence cited above and to make any further credibility determinations and/or factual findings regarding, *inter alia*, restrictions placed upon Ms. McCabe, if any, which are due to the work-related aggravation pursuant to *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998) and *Reinforced Molding*.[3]

## ORDER

AND NOW, this 26th day of August, 1999, the order of the Workers' Compensation Appeal Board docketed at No. A97–3562 and dated November 19, 1998 is vacated and this case is remanded to the Board with instructions to remand this case to the Workers' Compensation Judge to take the steps necessary to make the factual determinations required by the opinion accompanying this order.

Jurisdiction relinquished.

**3.** In *Baxter*, the claimant's physician restricted him from returning to work. However, because claimant's physician testified that he would have placed the same restrictions upon claimant regardless of whether claimant had ever experienced the work-related aggravation, claimant's loss of earnings was not "work-related" which distinguishes *Baxter* from the instant case where there were no factual findings with respect to whether there are any restrictions placed upon Claimant and if so whether they are work-related or not. Thus, additional findings by the WCJ are necessary with respect to any restrictions placed upon Claimant and whether those restrictions are due to the work-related injury pursuant to *Baxter*.