**Michael H. WAGNER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (O'MALLEY WOOD PRODUCTS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 28, 2002.

Decided Aug. 23, 2002.

Ralph D. Oyler and Bandy L. Jarosz, Gettysburg, for petitioner.

Gregory D. Geiss, Harrisburg, for respondent.

Before FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Michael H. Wagner (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed in part and reversed in part the decision of the Workers' Compensation Judge (WCJ). Specifically, Claimant appeals the Board's determination that he fully recovered from his work-related injury as of June, 1998. We affirm.

Claimant worked for O'Malley Wood Products, Inc. (Employer) in the production of wooden skids. Claimant filed a claim petition alleging that he suffered a low back injury on October 31, 1996 as a result of repetitive trauma while in the course of his employment. In addition to seeking ongoing disability benefits, Claimant requested attorney's fees.

At the WCJ's hearing, Claimant testified and also introduced the deposition testimony of Dr. Rychak. Dr. Rychak opined that Claimant suffered a disc injury at the L4–L5 level, which was causally related to repetitive lifting performed by Claimant at work. To relieve Claimant's pain, Dr. Rychak performed a surgical fusion at the L4–L5 level on July 23, 1997.

Employer presented the deposition testimony of Dr. Morganstein, who opined that Claimant did not suffer an injury caused by the type of work he performed. Rather, Claimant's back problems were related to pre-existing degenerative changes.

The WCJ found the testimony of Claimant and his physician, Dr. Rychak to be credible. Specifically, the WCJ determined that Claimant suffered a work-related injury to his back and that he was entitled to total disability benefits, with periods of suspension due to his layoff and receipt of unemployment compensation benefits, but with the resumption of benefits on March 22, 1999, and ongoing. The WCJ also determined that Employer's contest was unreasonable and awarded Claimant penalties and attorney's fees.

Employer appealed to the Board, which affirmed the WCJ's determination as to the penalties and attorney's fees. The Board, however, determined that Claimant's benefits should be terminated as of June, 1998 and modified the WCJ's order. Specifically, the Board concluded that the testimony of Dr. Rychak, credited by the WCJ, evidenced that Claimant's surgery successfully solved Claimant's low back problem and that Claimant required no restrictions based on his work-related back injury after June of 1998.

Claimant appeals to this court arguing that based on the testimony of Dr. Rychak, Claimant did not fully recover from his work-related injury in June of 1998. We disagree.

In a claim petition, the claimant has the burden of proving all elements necessary to support an award, including the burden to establish the duration of disability. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). A claimant establishes ongoing disability by the presentation of unequivocal medical evidence. *School District of Philadelphia v. Workers' Compensation Appeal Board (Lanier)*, 727 A.2d 1171 (Pa.Cmwlth.1999). When a claimant fails to present unequivocal testimony establishing ongoing disability after a certain date, benefits are properly terminated as of that date. *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 166 Pa.Cmwlth. 141, 646 A.2d 51 (1994), *petition for allowance*

*of appeal denied,* 541 Pa. 645, 663 A.2d 696 (1995).

■ In this case, Claimant argues that the testimony of Dr. Rychak, credited by the WCJ, establishes that the albeit successful surgery performed by Dr. Rychak, permanently fused the L4 and L5 segments and permanently eliminated the motion between these two vertebrae. Thus, Claimant argues that he has a permanent impairment to his back, which he would not have had absent the work-related injury.

While we agree with Claimant that the L4–L5 vertebrae have been fused, his lumbar spine is completely unaffected by the change. Specifically, Dr. Rychak testified that with respect to the lumbar spine, individuals typically have five segments although some have four or six segments. (R.R. at 1576a.) The number of segments however, does not have an impact on the movement an individual has. Dr. Rychak testified that Claimant has a slight stature and suffered from a pre-existing low back condition which was aggravated by Claimant's work with Employer. Dr. Rychak operated on Claimant and described the following on direct examination:

So, in Mr. Wagner's situation, he had five segments. I fused L4 to L5. All it amounts to is that his movement hasn't changed. In fact by—when I documented it around June of '98, he had a full uncompromised range of motion.

Say now wait a minute, how can he have a full movement if he only has four movable parts? Well, each segment has just picked up a little bit of slack. So his movement isn't compromised. So his movement is full. . . .

Q. So as a practical matter, his range of motion is the same as it was as if he had five independently moving vertebrae?

A. Exactly right.

(R.R. at 158a.) Thus, although Claimant's L4 and L5 segments have been permanently fused, there is no loss of movement according to Dr. Rychak. In fact, Dr. Rychak testified both on direct and cross examination that as of June 1998, Claimant had full, uncompromised range of motion. (R.R. 158a, 167a). In addition, although a functional capacity evaluation revealed that Claimant was functioning in a light to medium capacity, Dr. Rychak testified that the restrictions noted in the evaluation were not related to Claimant's work-related back injury and subsequent surgery, but rather to his general, overall small, thin stature.

In *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.),* 155 Pa.Cmwlth. 102, 624 A.2d 757 (1993), *petition for allowance of appeal denied,* 535 Pa. 676, 636 A.2d 635 (1993), the claimant suffered a work-related injury to his leg. The doctor, whose testimony the WCJ credited, stated that the claimant had recovered from the injury and was functionally the same as before the injury. The doctor also stated, however, that the claimant had a loss of muscle mass in his thigh, which he characterized as a physical deformity and the claimant argued that this residual problem precluded the termination of benefits. This court held that there was no authority for the proposition that a minor physical deformity precludes the termination of benefits. Similarly, in this case, Claimant after having recovered from the surgery is functionally the same as before the injury. Although the L4 and L5 were fused, such has no impact on his ability to function. Contrary to Claimant's assertion that he has permanent impairment to his back, Dr. Rychak testified that Claimant has full, uncompromised motion in his back.

Moreover, Claimant's reliance on *Lash v. Workmen's Compensation Appeal*

**686**

Board, 491 Pa. 294, 420 A.2d 1325 (1980), and *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987), is misplaced. In both of those cases, the claimants established a work-place injury directly caused by their employment. Benefits were awarded because a return to the time of injury job would expose them to more dangerous health consequences. As explained in *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998):

> The claimants in *Farquhar* and *Lash* suffered from residual work-related injuries that were never resolved. The claimant in *Farquhar* continued to suffer from thrombosis which was caused by her employment; the *Lash* claimants continued to suffer from lead absorption which was caused by their employment. These work-related injuries were ongoing. The *Farquhar* claimant did not fully recover from the thrombosis; the blood of the *Lash* claimants did not become lead free.

*Bethlehem*, 550 Pa. at 664, 708 A.2d at 804.

Contrary to the claimants in *Farquhar* and *Lash*, the claimant in *Bethlehem*, like the Claimant here, fully recovered from the work-related injuries. Specifically, Dr. Rychak testified that Claimant's condition resolved to its pre-injury status. As stated in *Bethlehem*, where, as here, an aggravation of a pre-existing condition resolves, a termination of benefits is appropriate.

Accordingly, the order of the Board is affirmed.

### ORDER

Now, this 23rd day of August 2002, the order of the Workers' Compensation Appeal Board at No. A01–0097, is affirmed.