**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WHALEY–CAMPBELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 4, 2011.

Decided Dec. 23, 2011.

William J. McKee, Eagleville, for petitioner.

Stephanie R. Coleman, Philadelphia, for respondent Diana Whaley–Campbell.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The City of Philadelphia (Employer) petitions for review of the May 3, 2011, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of the workers' compensation judge (WCJ) to deny Employer's petition to terminate the benefits of Diana Whaley–Campbell (Claimant). We affirm.

In 1994, Claimant filed a claim petition, alleging that she sustained a work-related injury to her eyes in 1992 while working as a youth study counselor at Employer's Youth Study Center. Claimant asserted that, as a result of her exposure to air pollution at work, Claimant developed constant burning in her eyes, frequent mucous discharge, eyelid swelling and eyelid closing, resulting in severe pain and reduced vision. In 1996, a WCJ granted the claim petition, finding that Claimant developed a chronic eye condition.

In 2009, Employer filed a petition to terminate Claimant's benefits, alleging that Claimant was fully recovered from the work injury. The petition was assigned to a WCJ, who held hearings on the matter.

In support of the petition, Employer presented the deposition of Edward Bedrossian, M.D., an ophthalmologist who examined Claimant on December 12, 2008. Dr. Bedrossian opined that Claimant was fully recovered from the work injury. He based this opinion on the fact that Claimant had recurrent episodes of conjunctivitis that were relieved by treatment, and, had Claimant not recovered, the episodes would be constant. Dr. Bedrossian also considered that: (1) Claimant's symptoms were reduced on a vacation to Barbados, indicating that her symptoms are related to her home environment; and (2) Claimant's symptoms are seasonal. Thus, the doctor concluded that Claimant's recurrent episodes were due to Claimant's baseline

atopic allergic nature, a condition whereby certain irritants such as dust, dirt, pollen, grass, cat hair or dog hair cause flare-ups of her eye symptoms.

In opposition to Employer's petition, Claimant presented the deposition of John Mark Snyder, O.D., a licensed optometrist. Dr. Snyder testified that Claimant suffered from chronic conjunctivitis, a condition that will likely be symptomatic for the rest of Claimant's life. The doctor stated that Claimant has a genetic propensity to be reactive to certain allergens in the air and that Claimant could return to work as a youth study counselor, but if she were placed in the same work environment, she could have a recurrence of her chronic conjunctivitis.

Claimant testified that: (1) she has had allergies since she was born; (2) she was diagnosed with asthma at the age of three months; (3) she suffered from skin rashes from head to toe; (4) as she got older, the asthma manifested itself more in respiratory problems; (5) she has lived with various pets throughout her life without difficulty and has always had cats; and (6) she vacationed as a child in the Pocono Mountains, where she was exposed to trees, and did not have a problem.

■ After considering the evidence, the WCJ accepted Claimant's testimony and the medical testimony of Dr. Snyder. The WCJ specifically found that Claimant developed chronic conjunctivitis in 1992 due to the work environment at the Youth Study Center and that the chronic conjunctivitis has not resolved. Thus, the WCJ denied Employer's petition. The WCJ rejected Employer's argument that, because Claimant had a lifelong allergy problem, Claimant was not entitled to benefits under *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998). The WCJ distinguished *Baxter* because, despite her lifelong allergies, Claimant never had an allergic eye condition until she began to work at the Youth Study Center for Employer. Employer appealed to the WCAB, which affirmed. Employer now petitions this court for review.[1]

■ Employer argues that the WCAB and WCJ erred in concluding that *Baxter* was distinguishable from this case. We disagree.

In *Baxter*, the claimant was diagnosed with asthma during his childhood. While working for Bethlehem Steel Corporation, the claimant experienced breathing problems when he was exposed to fumes from paint used on freight cars. He filed a claim petition, which was granted. The WCAB and this court affirmed, but our Supreme Court reversed because the claimant's asthma was a pre-existing condition that was not directly caused by his employment. *Id.* at 663, 708 A.2d at 803. The Supreme Court stated that the claimant would have been entitled to benefits if he had shown that his exposure to paint fumes while working for the employer had resulted in an ongoing condition that affected his pulmonary capacity. *Id.* at 664, 708 A.2d at 804.

Here, although Claimant had lifelong allergies, Claimant did not have chronic conjunctivitis until she began to work for Employer. Indeed, in the prior claim proceeding, the WCJ found that Claimant "developed her eye condition" in 1992 "as a result of exposure to dirt, dust and

1. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

bacteria at the Youth Study Center." [2] (WCJ's Findings of Fact, No. 3.) Therefore, Claimant's exposure to her work environment resulted in an ongoing condition that affected her eyes. Under *Baxter,* Claimant is entitled to continuing benefits.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of December, 2011, the order of the Workers' Compensation Appeal Board, dated May 3, 2011, is hereby affirmed.

---

**2.** Employer is estopped from arguing otherwise here. *See Sweigart v. Workers' Compensation Appeal Board (Burnham Corp.),* 920 A.2d 962, 965 (Pa.Cmwlth.2007) (stating that collateral estoppel forecloses litigation in a later action of issues of law or fact that were actually litigated and were necessary to a previous final judgment).