IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lenora L. Lewis,                                    :
                     Petitioner                     :
                                                    :    No.  546 C.D. 2015
                     v.                             :
                                                    :    Submitted:  September 11, 2015
Workers' Compensation Appeal                        :
Board (County of Butler and                         :
Inservco Insurance Services),                       :
                     Respondents                    :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                  FILED:  October 23, 2015


          Lenora L. Lewis (Claimant) petitions for review of the March 11, 2015
order of the Workers' Compensation Appeal Board (Board), which affirmed the
decision of a workers' compensation judge (WCJ) granting Claimant's claim petition
for the closed period of time from June 19, 2011, to July 18, 2012.  We affirm.

          Claimant began work for the County of Butler (Employer) as a certified
nursing assistant at Employer's Sunnyview Home in August of 2003.  On October 5,
2011, Claimant filed a claim petition alleging that she suffered a work injury on June
6, 2011, resulting in disability from June 19, 2011.  (Reproduced Record (R.R.) at
6a.)  Employer filed an answer denying those allegations and the case was assigned to
a WCJ, who held multiple hearings.

In support of her claim petition, Claimant testified that while she was working for Employer on June 6, 2011, she assisted two coworkers in helping a large patient who had fallen return to his wheelchair. Claimant said that she experienced some soreness when she lifted the patient but completed her shift. Claimant called off work the next day, but she reported to work for her shift on June 8, 2011, and advised Employer about her injury. (Notes of Testimony (N.T.), 11/10/2011 at 10-12).

Claimant testified that she returned for her next shift on June 11, 2011, and complained to her supervisor of shooting pain in her back. Claimant stated that her supervisor advised her to seek treatment at Butler Memorial Hospital. Claimant testified that she was x-rayed at the hospital, received conservative treatment, and was directed to meet with Swamikkan Nallathambi, M.D., Employer's panel physician. *Id*. at 13-14.

Claimant also offered the deposition testimony of Ashraf Razzak, M.D., who practices in pain management, to support her claim petition. Dr. Razzak testified that when he first saw Claimant on October 6, 2011, she complained of pain in her neck and back. Dr. Razzak stated that his examination of Claimant revealed that certain muscles in her neck and back were tender to the touch. At that time, Dr. Razzak treated Claimant with an epidural injection to relieve her pain. Dr. Razzak subsequently met with Claimant on a biweekly basis to complete the series of epidural injections, and he continued to treat her on a monthly basis thereafter. (R.R. at 143a-46a.)

Dr. Razzak also testified that he performed nerve conduction studies which showed delayed conduction in Claimant's right upper extremity, and he referred her to a neurosurgeon to determine whether surgery was necessary.

2

According to Dr. Razzak, the nerve conduction studies constituted objective medical findings and substantiated Claimant's complaints of pain. *Id*. at 149a-50a.

Dr. Razzak testified that, based on Claimant's history, his examination and treatment of Claimant, and the results of the nerve conduction studies, he believed that Claimant suffered a work-related injury on June 6, 2011, and that the work injury was the direct cause of her neck pain. Dr. Razzak further testified that Claimant likely had a pre-existing degenerative condition in her back and that the work injury may have aggravated her pre-existing condition. Dr. Razzak concluded that Claimant was unable to perform her duties as a nursing assistant as a result of her injury. *Id*. at 144a-55a.

In opposition to the claim petition, Employer offered the deposition testimony of Dr. Nallathambi, a physician board certified in internal medicine. Dr. Nallathambi testified that he treated Claimant for the first time on June 13, 2011, for complaints of lower back pain. Dr. Nallathambi described Claimant as exhibiting severe symptom magnification, explaining that she displayed symptoms that were inconsistent with a physiological injury, and he suggested there was a psychological overlay to her condition. Dr. Nallathambi further testified that any injury Claimant allegedly suffered was minimal because there was no direct trauma to any part of her body. Dr. Nallathambi completed a work release form which stated that Claimant may have a dorsal sprain or a cervical sprain and restricted Claimant from lifting more than ten pounds. He ordered additional x-rays for Claimant and asked her to return in one week. *Id*. at 46a-53a.

Dr. Nallathambi testified that Claimant returned to him on June 16, 2011, with complaints of back pain. Dr. Nallathambi stated that x-rays performed at the hospital on June 11, 2011, showed degenerative joint disease, primarily an

arthritic condition. Dr. Nallathambi again believed that Claimant demonstrated symptom magnification, noting that the symptoms she articulated, such as shortness of breath and inability to sleep at night, did not correlate to the injury she alleged. Dr. Nallathambi stated that Claimant had diffused degenerative joint disease and multiple spurs at the dorsal spine, and he advised her to pursue treatment of the degenerative joint disease with her primary care physician. Dr. Nallathambi restricted Claimant from lifting more than twenty pounds and scheduled another appointment for June 30, 2011. *Id*. at 53a-57a.

Dr. Nallathambi testified that when he saw Claimant on June 30, 2011, she had the same complaints of back and neck pain. Dr. Nallathambi stated that he continued Claimant's twenty-pound lifting restriction but said he believed that most of Claimant's continuing complaints were due to her severe arthritis and were unrelated to the work injury. However, Dr. Nallathambi acknowledged that Claimant's work may have aggravated her pre-existing condition. *Id*. at 57a-59a.

Dr. Nallathambi concluded that Claimant had moderate to severe osteoarthritis, with spur formation, throughout her back. He stated that Claimant likely experienced pain as a result of lifting the patient at work, but noted that any pain from the injury should have disappeared in a few days. Dr. Nallathambi testified that Claimant's continuing pain was the result of her degenerative joint disease and not the work injury. *Id*. at 59a-62a.

Employer also offered testimony from Jon A. Levy, M.D., a board certified orthopedic surgeon who performed an independent medical examination of Claimant on July 18, 2012. Dr. Levy stated that Claimant complained of shooting pain in her back and lower extremities, as well as spasms in her shoulders and neck. Dr. Levy performed several tests on Claimant and concluded that she was magnifying

4

her symptoms because she exhibited findings that were inconsistent with her alleged condition. Dr. Levy testified that he performed a thorough examination of Claimant, reviewed her medical records extensively, and concluded that she suffered from cervical degenerative disc disease and lumbar degenerative disc disease and had sustained a lumbar strain as a result of the work injury. *Id*. at 92a-111a.

Dr. Levy further testified that Claimant had fully recovered from any work injury she sustained. Dr. Levy opined that Claimant's ongoing symptoms were the result of her pre-existing degenerative condition, and he stated that no objective evidence existed to support her complaints other than radiographic abnormalities showing degenerative disease. Moreover, Dr. Levy reported that Claimant was capable of full-time, gainful employment without restriction. *Id*. at 103a-30a.

Employer also presented evidence that Claimant was discharged for cause on July 8, 2011, when she received a positive drug screen in violation of Employer's policy. Employer argued that it was entitled to a termination of benefits as of Claimant's discharge date because Claimant's loss of earning power was related to her misconduct and not to her work-related injury.

In his February 25, 2013 decision, the WCJ accepted Claimant's testimony as credible to establish that she sustained a work injury resulting in total disability effective June 19, 2011. The WCJ rejected Employer's evidence regarding its drug use policy and the circumstances surrounding Claimant's discharge. However, the WCJ credited Dr. Levy's testimony and found that Claimant's disability ceased on July 18, 2012, the date Dr. Levy determined Claimant had fully recovered from her work injury. Thus, the WCJ concluded that Claimant had met her burden of proving that she sustained a work-related injury which rendered her disabled for the closed period from June 19, 2011, to July 18, 2012, stating that "[a]ll

5

of the testimony and evidence of record supportive of this determination is accepted, and any testimony or evidence of record adverse thereto is deemed less credible and persuasive, and dismissed as such." (WCJ's Finding of Fact No. 1.)

Claimant and Employer appealed the WCJ's decision to the Board, which affirmed the WCJ's decision. In relevant part, the Board concluded that Dr. Levy's testimony, which the WCJ accepted as credible, constituted substantial and competent evidence sufficient to support the WCJ's finding that Claimant's disability ceased on July 18, 2012. Claimant petitions for review.

On appeal to this Court,[1] Claimant argues that the WCJ improperly terminated her benefits because objective medical evidence exists which substantiates her complaints of pain caused by her work injury. We disagree.

Initially, we note that in a claim petition proceeding, the burden is on the claimant to prove all of the elements necessary to support an award of benefits. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). A claimant must show that she sustained an injury during the course of her employment and that she is disabled as a consequence of that injury. *Bonegre v. Workers' Compensation Appeal Board (Bertolini's)*, 863 A.2d 68, 72 (Pa. Cmwlth. 2004). For purposes of workers' compensation, the term disability is equivalent to a loss of earning power. *Coyne v. Workers' Compensation Appeal Board (Villanova University)*, 942 A.2d 939, 945 n.7 (Pa. Cmwlth. 2008). A claimant also bears the burden to establish the duration and extent of the alleged disability. *Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board*

---

[1] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact were supported by substantial evidence. *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

6

*(Bonner)*, 85 A.3d 1109, 1115 (Pa. Cmwlth. 2014). The burden remains on the claimant to show that the work-related injury causes disability throughout the pendency of the claim petition. *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). The burden does not shift to the employer. *Zuchelli v. Workers' Compensation Appeal Board (Indiana University of Pennsylvania)*, 35 A.3d 801, 804 (Pa. Cmwlth. 2011).

If a claimant fails to offer unequivocal testimony establishing ongoing disability after a certain date, termination of benefits as of that date is proper. *Wagner v. Workers' Compensation Appeal Board (O'Malley Wood Products, Inc.)*, 805 A.2d 683, 684 (Pa. Cmwlth. 2002). Therefore, even if an employer never files a termination petition, a WCJ may terminate benefits if he determines that the claimant has not met her burden to demonstrate a right to continuing compensation. *Coyne*, 942 A.2d at 952.[2] A WCJ is authorized to find disability and award compensation only for a closed period of time if the evidence supports such a finding. *Potere v. Workers' Compensation Appeal Board (Kemcorp)*, 21 A.3d 684, 690 (Pa. Cmwlth. 2011).

Claimant relies on *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290 (Pa. 1997), and argues that an employer bears the burden of proof to establish that a claimant's work-related injury has ceased. In

---

[2] In *Coyne*, the claimant filed a claim petition seeking workers' compensation benefits for a work-related injury she suffered. The WCJ granted the petition and awarded benefits for a closed period because the WCJ credited the employer's medical expert's testimony that the claimant was fully recovered from her work injury over the claimant's medical expert's testimony that the work injury prevented claimant from returning to her pre-injury job. On appeal, this Court noted that a claimant bears the burden to establish continuing disability throughout the pendency of the claim petition. *Id*. at 954. We explained that, because the WCJ credited the testimony of the employer's expert medical witness that the claimant had fully recovered from her work injury, the claimant was unable to meet her burden of proof.

*Udvari,* the employer filed a termination petition and, to support its petition, submitted a physician's testimony that the claimant had fully recovered from her work injury. The WCJ granted a termination and the Board affirmed. The Commonwealth Court reversed the Board's decision and held that because the employer's expert testified regarding the claimant's continued complaints of subjective pain, a suspension of benefits, rather than a termination, was proper. The employer appealed and argued that there was substantial evidence to support termination. Our Supreme Court agreed and held that:

> In a case where the claimant complains of continued pain, [the employer's] burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

*Udvari*, 705 A.2d at 1293.

Claimant argues that Employer did not meet its burden of proof under *Udvari* because the nerve conduction studies constitute objective medical evidence that substantiate her assertions of continuing pain. However, in making this argument, Claimant disregards a critical portion of the Supreme Court's analysis in *Udvari*:

> The determination of whether a claimant's subjective complaints of pain are accepted is a question of fact for the WCJ. In the absence of objective medical testimony, the WCJ is neither required to accept the claimant's assertions, nor prohibited from doing so. Testimony by the employer's medical expert as to the *existence* of the claimant's *complaints* of pain does not require the WCJ to find for the

8

claimant. A contrary conclusion would lead to the absurd result that a claimant could forever preclude the termination of benefits by merely complaining of continuing pain. What is relevant in deciding whether the termination of benefits is warranted is whether the claimant suffers from pain *as a result of the work-related injury*.

*Udvari*, 705 A.2d at 1293 (emphasis added).

Here, the parties presented conflicting evidence concerning the extent and duration of Claimant's disability. As in every workers' compensation case, resolution of those conflicts and the weight to be accorded evidence was solely within the province of the WCJ. *Williams v. Workers' Compensation Appeal Board (USX Corporation-Fairless Works)*, 862 A.2d 137, 143 (Pa. Cmwlth. 2004). The WCJ credited Dr. Levy's testimony that Claimant was fully recovered from the work-related lumbar strain and that her ongoing symptoms were related solely to her pre-existing degenerative condition. Dr. Levy's testimony constitutes substantial evidence to support the WCJ's findings.[3] "The appellate role in [workers'] compensation cases is not to reweigh the evidence or review the credibility of witnesses; rather, the Board or the court must simply determine whether, upon consideration of the evidence as a whole, the WCJ's findings have the requisite measure of support in the record." *Sell v. Workers' Compensation Appeal Board (LNP Engineering)*, 771 A.2d 1246, 1251 (Pa. 2001). If substantial evidence supports the WCJ's findings, it is irrelevant whether evidence exists which supports a

---

[3] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992). It is well settled that the WCJ is the final arbiter of witness credibility and evidentiary weight and may accept or reject, in whole or in part, the testimony of any witness. *Pennsylvania Uninsured Employers Guaranty Fund*, 85 A.3d at 1115. The WCJ's findings will be overturned only if they are arbitrary and capricious. *Sell v. Workers' Compensation Appeal Board (LNP Engineering)*, 771 A.2d 1246, 1250 (Pa. 2001).

9

contrary finding. *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015).

Accordingly, having concluded that the WCJ properly applied the law and that the WCJ's decision is supported by substantial evidence, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lenora L. Lewis,                      :
               Petitioner      :
                             :   No.  546 C.D. 2015
            v.                   :
                             :
Workers' Compensation Appeal    :
Board (County of Butler and       :
Inservco Insurance Services),      :
               Respondents   :

## ***ORDER***

AND NOW, this 23rd day of October, 2015, the order of the Workers' Compensation Appeal Board, dated March 11, 2015, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge