**Lois McCABE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DEPARTMENT OF REVENUE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 2002.

Decided Sept. 5, 2002.

James J. Muller, Philadelphia, for petitioner.

Jonathan B. Young, Lansdale, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Lois McCabe (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting her Claim Petition for a closed period and denying her ongoing workers' compensation benefits. We affirm.

Claimant filed a Claim Petition alleging that, on April 4, 1995, she sustained an "aggravation of asthmatic condition by cigarette smoke in chest chest [sic] and lungs" while working for the Department of Revenue (Employer). Employer filed an Answer denying the allegations set forth in Claimant's Claim Petition.

By decision and order dated July 31, 1997, the WCJ granted Claimant's Claim Petition for the closed periods of April 4, 1995 to May 24, 1995 and July 12, 1995 to July 21, 1995. The WCJ also granted Claimant ongoing benefits as of September 8, 1995. On appeal, the Board determined that the testimony of Claimant's medical witness, Megan Beth Taylor, M.D., did not support an award of continuing benefits because Claimant's asthmatic condition returned to normal. Accordingly, the Board affirmed the decision of the WCJ granting Claimant benefits for the two closed periods but reversed the decision of the WCJ granting Claimant continuing benefits. On appeal to this Court, we determined that the Board erroneously engaged in fact-finding and improperly made credibility determinations. We also stated that:

> it is not incomprehensible why the Board did what it did. Notwithstanding the substantial evidence of record which supports the existence of Ms. McCabe's work related disability ... beyond September 8, 1995, there is also evidence of record proffered by Ms. McCabe which the WCJ found credible that suggests that at some point in time after November 2, 1995, the symptoms may have resolved ... Thus, rather than engage in credibility determinations and fact finding to determine that Claimant returned to normal after September 8, 1995, the proper course for the Board would have been to remand this case to the WCJ for him to explicitly address the evidence cited above and make further factual findings and to take whatever actions which he deemed necessary to do so.

*McCabe v. Workers' Compensation Appeal Board (Department of Revenue )*, 738 A.2d

503, 506–507 (Pa.Cmwlth.1999). Accordingly, we vacated the order of the Board and remanded this case to the Board for further remand to the WCJ and instructed the WCJ to "take those steps which the WCJ finds necessary in order to address the evidence cited above and to make any further credibility determinations and/or factual findings regarding, *inter alia*, restrictions placed upon Ms. McCabe, if any, which are due to the work-related aggravation pursuant to *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Baxter )*, 550 Pa. 658, 708 A.2d 801 (1998) and *Reinforced Molding.*[1]" *Id.*

On remand, both Claimant and Employer presented additional medical evidence. Claimant again presented the deposition testimony of Dr. Taylor in support of the Claim Petition. Dr. Taylor is an allergy and immunology specialist who has been treating Claimant for asthma and allergic rhinitis since 1994. Dr. Taylor testified that Claimant "continues to have asthma which started in the work environment" and that Claimant is "better, but she's not fully recovered because she still has asthma in relationship to cigarette smoke." (N.T. 9/12/00, p. 10 and 53). Dr. Taylor further stated that Claimant still has restrictions as a result of her work-related injury because smoke will still trigger her asthma (N.T. 9/12/00, p. 25). Claimant again testified on her own behalf and related that she would be able to work in a smoke-free environment.

In opposition to the Claim Petition, Employer presented the testimony of John R. Cohn, M.D., who examined Claimant on May 12, 2000. Dr. Cohn concluded that Claimant has allergic rhinitis, but "[a]ll of her pulmonary function tests are normal, so I think it's very difficult to state that

---

1. *Reinforced Molding v. Workers' Compensation Appeal Board (Haney )*, 717 A.2d 1096

(Pa.Cmwlth.1998).

she has asthma. As I indicated, I can't absolutely exclude the possibility of asthma, but there's no objective evidence to support that diagnosis in any of the records that I received." (N.T. 7/25/00, p. 33). Furthermore, Dr. Cohn explained that although "the smoke transiently may have caused her discomfort or aggravated some of her symptoms, there is no causal relationship between the smoke at the workplace and any of her current diagnoses." (N.T. 7/25/00, p. 37). Dr. Cohn also opined that he could find no evidence of any post-aggravation effect of the cigarette smoke to which she was exposed. Therefore, Dr. Cohn concluded that "[t]here are no current restrictions based on her previously determined work-related aggravation of her preexisting what they are calling asthma." (N.T. 7/25/00, p. 39).

By decision and order dated March 31, 2001, the WCJ accepted as credible the testimony of Dr. Cohn that Claimant's exposure to cigarette smoke caused a transient exacerbation of her condition but that she has recovered from the effects of these prior exposures. Based on *Bethlehem Steel v. WCAB (Baxter )*, 550 Pa. 658, 708 A.2d 801 (1998), the WCJ concluded that "the restrictions placed upon Claimant's return to work are not causally related to her prior exposures at work." Accordingly, the WCJ ordered that Employer is not obligated to pay Claimant ongoing benefits. Claimant appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[2]

Claimant argues that 1) the WCJ exceeded the scope of this Court's remand order by allowing another defense medical examination and in revisiting his credibili-

ty determinations and 2) the Board's order affirming the WCJ's denial of benefits after July 21, 1995 is not supported by the evidence.

 Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa.Cmwlth.1998). In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder. *Id.* Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party. *Id.* Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ. Rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Id.* It is solely for the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. *Id.* As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Id.* It is with these principles in mind that we consider this challenge.

 In a claim petition proceeding, the claimant bears the burden of proving that he suffers from a work-related injury that occurred in the course and scope of his employment and that the injury results

**2.** This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional

rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek )*, 537 Pa. 32, 640 A.2d 1266 (1994).

in a loss of earning power. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)* 535 Pa. 135, 634 A.2d 592 (1993). "[T]he burden of proof remains with the employee *throughout the entire proceeding* to establish a right to compensation and prove all necessary elements to support an award." *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 166 Pa.Cmwlth. 141, 646 A.2d 51, 54 (Pa.Cmwlth.1994) (emphasis in original).

In *Baxter*, the claimant suffered from pre-existing non-work-related asthma and experienced breathing problems when he was exposed to fumes at work. The claimant filed a claim petition and was awarded benefits. The Board upheld the award, and this Court affirmed. The Supreme Court, however, reversed the award of benefits because there was no evidence that the claimant's pulmonary capacity or the functioning of his lungs sustained any continuing change as a result of his exposure to fumes at work. Furthermore, the same restrictions would have been placed on the claimant even if he had never been exposed to fumes at work. Therefore, the claimant did not sustain an "injury" as defined in the Act.

Additionally, in *Locher v. Workers' Compensation Appeal Board (City of Johnstown)*, 782 A.2d 35 (Pa.Cmwlth.2001), the Employer's medical expert testified that the claimant, who suffered from pre-existing non-work-related emphysema, may have experienced a worsening of his condition when he was exposed to dust at work. However, this exposure did not cause any change in his lungs and, even if he had never been exposed to dust at work, his lungs would be in the exact same condition. Accordingly, based on the Supreme Court's decision in *Baxter*, we upheld the Board's decision denying Claimant benefits.

■ In support of our decision in *Locher*, we also cited our previous decision in *Giant Eagle, Inc. v. Workers' Compensation Appeal Board (Thomas)*, 725 A.2d 873 (Pa.Cmwlth.1999), wherein we determined that a claimant was not entitled to benefits because the claimant suffered "from asthma, which, she admitted, existed prior to the time that she started working for Employer. Claimant's work with Employer did not cause the condition, but merely aggravated Claimant's preexisting asthmatic condition. Claimant had fully recovered from the aggravation, and, therefore, the work-related injury, after leaving the workplace; thus, she is not entitled to any benefits under the reasoning of *Baxter*. Although Claimant in this case might have suffered a recurrence of her disability if she returned to work for Employer, she is not entitled to benefits under the holding of *Baxter* because she did not experience any residual physical injuries caused by her employment once she left the workplace." *Id.* at 877–888.

■ Claimant first argues that the WCJ exceeded the scope of our remand order. In our prior decision in this case, we instructed the WCJ to **"take those steps which the WCJ finds necessary** in order to address the evidence cited above and to make any further credibility determinations and/or factual findings regarding, *inter alia*, restrictions placed upon Ms. McCabe, if any, which are due to the work-related aggravation pursuant to" *Baxter* and *Reinforced Molding*. Claimant asserts that the WCJ's "initial decision was never vacated by this Court and those original findings, in the 7/31/97 decision are still binding." We disagree. In our previous decision, this Court recognized that the WCJ failed to make certain findings regarding the status of Claimant's work-related injury. Accordingly, we remanded this case to the WCJ to make

these required findings. On remand, the WCJ found it was necessary to accept new evidence from both Claimant and Employer in order to make these necessary findings. Pursuant to our remand order, the WCJ was certainly allowed to do this. Based on this evidence, the WCJ reached a conclusion regarding the status of Claimant's work-related injury as directed to do by this Court. Under Claimant's reasoning, the WCJ would not be free to review the evidence again and issue a decision containing these necessary findings of fact and conclusions of law regarding the status of Claimant's work-related injury.

Claimant also argues that the WCJ exceeded the scope of our remand order because he made *different* credibility determinations rather than *further* credibility determinations. We disagree. Because the WCJ felt it was necessary to accept new evidence, it logically follows he would have to make credibility determinations regarding this new evidence. It is well-settled that the WCJ is the sole arbiter of credibility, and neither Claimant nor this Court can dictate the manner in which the WCJ makes these credibility determinations. Therefore, we reject Claimant's argument.

Second, Claimant argues that the decision of the WCJ denying Claimant ongoing benefits is not supported by the evidence. We disagree. Dr. Cohn testified that Claimant's exposure to smoke at work only caused a transient aggravation of her symptoms and that there is no objective evidence which shows that Claimant currently suffers from asthma. Furthermore, Dr. Cohn testified that Claimant is not currently under any restrictions as a result of her exposure to smoke at work. The WCJ accepted this testimony as credible, which is his prerogative. Pursuant to *Baxter* and *Locher*, Claimant is not entitled to benefits based on this credible testimony because she suffers from no residual physical injuries as a result of her exposure to smoke at work. Therefore, Claimant failed to sustain her burden of proof and the WCJ did not err by denying Claimant ongoing workers' compensation benefits.[3]

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, September 5, 2002, the order of the Workers' Compensation Appeal Board docketed at A01–1094 and dated March 26, 2002 is hereby AFFIRMED.

---

3. At page thirteen of her brief, Claimant also argues that "Dr. Cohn did not examine claimant until 5/12/00 and his testimony could not possibly or competently be used to support a finding of full recovery at any time prior to his exam." However, the matter before this Court is not a Termination Petition. Thus, the question of "full recovery" is not before us. Rather, the matter before this Court is a Claim Petition and the issue is whether Claimant, not Employer, has sustained the burden of proving that Claimant suffers from a compensable injury. As our Supreme Court held in *Inglis House*, this burden remains on Claimant throughout the entire pendency of the Claim Petition. Based on the WCJ's decision, Claimant has failed to sustain her burden of proof in this regard. As explained above, we can find no error with this decision.