# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John West,                              :
                    Petitioner          :
                                        :
            v.                          :     No. 2165 C.D. 2015
                                        :     Submitted: May 13, 2016
Workers' Compensation Appeal            :
Board (Street Delivery.Com. Inc.),      :
                    Respondent          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER               FILED: July 26, 2016


John West (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) to deny Claimant's Claim Petition (Petition). On appeal, Claimant argues that the WCJ committed reversible error (1) by not treating Claimant as a traveling employee, and (2) by arbitrarily and capriciously disregarding evidence of Claimant's injury. Because we conclude that Claimant did not prove that he suffered a disabling injury, we affirm.

Claimant testified as follows before the WCJ who set forth Claimant's testimony in findings of fact. Claimant was employed by Street Delivery.Com.

Inc. (Employer) to collect measurements and to take photographs of physical locations involved in insurance claims in the greater Philadelphia area. (WCJ Decision, Finding of Fact (FOF) ¶ 3.) Employer, which is located in Massachusetts, and which has no offices to which Claimant reported, provided the measurements and photos to insurance adjusters. Every day, after being emailed his assignments, Claimant would drive to four or five assigned locations, and would take the measurements and photographs prescribed for each site. Claimant would then upload the information via the internet from his home. Claimant alleged that he worked out of his car and had no office. Claimant alleges that on August 13, 2013, while on the way to his fifth and final location for the day, he was rear-ended while sitting at a stoplight (the Accident). Claimant alleges that he was injured in the Accident, and that as a result, he is incapable of returning to his pre-injury work. (FOF ¶¶ 3-4.) Accordingly, Claimant filed the Petition on September 19, 2013, requesting total disability benefits. (R.R. at 4a.) In its answer to the Petition, Employer denied all allegations. (FOF ¶ 2.) Specifically, Employer denies that Claimant was ever injured in the manner alleged. (R.R. at 5a.) The Petition was assigned to the WCJ.

In support of his Petition, Claimant testified in-person before the WCJ and stated that on August 13, 2013, he was proceeding to his fifth and final assignment for the day when his Ford Escape was rear-ended by a large SUV. (FOF ¶ 3.) Claimant indicated that the police did not come to the scene of the Accident, and that there was no police record of the Accident. Claimant was unable to recall the name of the auto body shop at which he claims he had his car repaired after the Accident. Claimant stated that he suffered severe and continuous back and neck pain as a result of the Accident which has prevented him from returning to his pre-

2

injury job with Employer. Claimant testified that he had been unable to play any music with his band since the Accident. Claimant indicated that his attorney had not referred Claimant to any doctors. However, Claimant also gave deposition testimony in which he admitted that he was referred to his current physician by his attorney. (FOF ¶ 7.) At the hearing, Claimant stated that he had been involved in an auto accident in 2010, but indicated that his injuries were minor and that he missed only a few days of work. (FOF ¶ 3.) However, on cross examination, Claimant admitted that, after the 2010 accident, he had an MRI and was seen by a chiropractor for "a little while." (Id.)

Claimant also adduced the deposition testimony of Bradley Ferrara, M.D., a board certified physician in physical medicine and rehabilitation. (FOF ¶ 4.) Dr. Ferrara personally saw Claimant one time, on March 6, 2014. Dr. Ferrara stated that Claimant had been referred to him by Claimant's attorney. Dr. Ferrara diagnosed Claimant with lumbar radiculopathy and other lower back issues, which, in his opinion, prevented Claimant from returning to his pre-injury job. (Id.) Dr. Ferrara opined that Claimant's injuries were attributable to the Accident. Dr. Ferrara indicated that Claimant informed him that Claimant had played music with Claimant's band since the Accident. Dr. Ferrara admitted that he did not review Claimant's hospital records and indicated that he had no desire to do so.[1]

---

[1] The following is an excerpt from the deposition of Dr. Ferrara:

Q. Do you have any records from the 2010 motor vehicle accident?
A. I do not.
Q. You say he recovered from that by his own admission?
A. That's correct.
Q. He has no lingering affects [sic]?
A. To my knowledge, that is correct.
Q. Do you know who he treated with?

*Continued…*

3

Employer adduced the deposition of its own medical expert, Ira C. Sachs, D.O., a board certified orthopedic surgeon, who personally examined Claimant on December 6, 2013. (FOF ¶ 6.) Dr. Sachs testified in his deposition that in his opinion, "all" the issues with Claimant's lumbar spine were age-related. (R.R. at 126a.) Because Dr. Sachs had not seen Claimant's hospital records, he could not say whether or not Claimant had in fact been injured in the Accident. (FOF ¶ 6.) Dr. Sachs stated that by December 6, 2013, Claimant had recovered from any injuries he may have received as a result of the Accident. (Id.) According to Dr. Sachs, Claimant disclosed to him that Claimant was treated by a chiropractor for several months following Claimant's 2010 accident. (Id.) Dr. Sachs stated that as of the date of his examination, Claimant was able to work without restriction, but he did not offer any opinion regarding Claimant's work abilities before that date. (R.R. at 150a-51a.)

The WCJ found Claimant not credible, as follows:

> This Judge has reviewed and considered the entire testimony of Claimant and finds him to be not credible. Claimant was evasive during his testimony, refused to answer multiple questions, and was not honest as to his previous medical treatment including for his prior motor vehicle accident. He attempted to portray his prior treatment for the 2010 motor vehicle accident as being just a visit to the emergency room, but it came out during the litigation that he underwent a MRI and obtained chiropractic treatment. Despite the

A. I do not.

. . . .

Q. Isn't that something you'd want to know?
A. Not really.
Q. You don't care who he treated with for the prior accident that resolved?
A. No.

(R.R. at 102a.)

4

August 2013 accident occurring only three months prior to the hearing, Claimant testified that he could not recall the name of the auto body shop where he had his car repaired and did not know if he had the email with his job assignments from the day of the accident (neither of which were produced prior to the close of the record). He also could not indicate what type of impact occurred or if there were other cars behind him. He mentioned operating a courier company for many years, which he also put on the paperwork at the emergency room on August 13, 2013 as being his employer. He denied that his attorney referred him to any doctors, which was clearly not the case. He claimed he did not know how many applications he put in for jobs online, and then stated he did not know if he applied anywhere. He denied playing any music after the accident, which is not what he told his treating physician. Claimant's explanation that he was on the way to an appointment, and was about to call the client to see if they [sic] were available, when he had the accident is not persuasive. Even if he intended to resume work at home, by uploading the day's work, he was still commuting home at the time of the minor motor vehicle accident and therefore not in the course of employment.

(FOF ¶ 8.) The WCJ also discredited the testimony of Dr. Ferrara because: he depended on Claimant's version of his own medical history; he personally saw Claimant only once; and he did not review the records of Claimant's previous medical treatment. (FOF ¶ 9.) The WCJ credited the testimony of Dr. Sachs. (FOF ¶ 10.) Ultimately, the WCJ denied the Petition, concluding that Claimant did not prove that he was in the course of his employment. (WCJ Decision, Conclusion of Law (COL) ¶ 2.)

Claimant appealed to the Board, arguing that the WCJ's credibility determinations were erroneous and that the WCJ erred by not finding that Claimant was a traveling employee and, therefore, in the course of his employment when the Accident occurred. (Claimant's Appeal to Board at 1.) The Board affirmed the WCJ, reasoning that "the WCJ has complete authority over questions of credibility and evidentiary weight." (Board Op. at 7.) The Board found that Claimant failed

5

to meet his burden due to the WCJ's "complete rejection of Claimant's and Claimant's doctor's testimony on credibility grounds." (Board Op. at 7.) Therefore, the Board stated that even if the WCJ erred by not finding that Claimant was a traveling employee, the error was harmless because Claimant did not carry his burden of proof. (Id.) Claimant now petitions this court for review.[2]

On appeal, Claimant argues: (1) that once Claimant established that he was a traveling employee without a fixed place of business, the WCJ and Board committed reversible error by finding that Claimant did not meet his burden of proof with regard to course of employment; and (2) that the Board erred in affirming the WCJ, who capriciously disregarded competent evidence to support Claimant's Petition, and who failed to issue a reasoned decision containing findings of fact necessary to resolve issues raised by the evidence – including that Claimant was a traveling employee on August 13, 2013, who suffered a disabling injury as a result of the Accident. In response, Employer argues that Claimant was not a traveling employee, and even if the WCJ erred by finding Claimant was not a traveling employee, the WCJ's rejection of Claimant's and Dr. Ferrara's testimony is sufficient to support the dismissal of his Petition.

"[I]n a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award." Inglis House v. Workmen's Comp. Appeal Bd. (Reedy), 634 A.2d 592, 595 (Pa. 1993). A claimant must prove three things in order to carry his or her burden: (1) that the claimant suffered an injury which resulted in a loss of earning power, i.e.,

---

[2] "[O]ur standard of review is limited to a determination of whether there has been an error of law, whether constitutional rights were violated, or whether necessary findings were supported by substantial evidence." Habib v. Workers' Comp. Appeal Bd. (John Roth Paving Pavemasters), 29 A.3d 409, 411 n.1 (Pa. Cmwlth. 2011).

6

disability; (2) that the claimant was operating in the course of employment when the injury was suffered; and (3) that the injury is causally related to the employment. McCabe v. Workers' Comp. Appeal Bd. (Dep't of Revenue), 806 A.2d 512, 515-16 (Pa. Cmwlth. 2002). Although Claimant's arguments primarily focus on whether the WCJ erred in finding that he was not in the course of his employment at the time of the Accident, we first consider whether Claimant has carried his burden of proving a disabling injury.

Here, the Board stated that:

> Even assuming, arguendo, Claimant is correct that the WCJ erred in finding Claimant was not in the course and scope of employment at the time of the accident, and the WCJ failed to say enough about why he found Dr. Sachs to be credible, *Claimant still failed to meet his burden on the Claim Petition due to the WCJ's complete rejection of Claimant's and Claimant's doctor's testimony on credibility grounds*.

(Board Op. at 7 (emphasis added).) On appeal, Claimant argues that the WCJ's credibility determinations were arbitrary and capricious, and that, in any case, Dr. Sachs conceded the existence of an injury. Employer responds that Dr. Sachs did not concede any injury and that the WCJ's credibility findings were founded upon objective bases and are, therefore, binding.

Where an injury is not obviously the result of a work incident, the claimant must prove causation though unequivocal medical testimony. Burton v. Workmen's Comp. Appeal Bd., 431 A.2d 1164, 1167 (Pa. Cmwlth. 1981). Even when medical testimony is unequivocal, the WCJ must accept the evidence as credible in order for the testimony to support an award. Campbell v. Workers' Comp. Appeal Bd. (Pittsburgh Post Gazette), 954 A.2d 726, 732 (Pa. Cmwlth. 2008). The WCJ is free to "accept or reject any witness' testimony in whole or in part, including that of medical witnesses." Hills Dep't Store No. 59 v. Workmen's

7

Comp. Appeal Bd. (McMullen), 646 A.2d 1272, 1275 (Pa. Cmwlth. 1994). A WCJ's credibility determination of a witness' in-person testimony may be based solely upon the WCJ's subjective perception of the witness' demeanor. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transport), 828 A.2d 1043, 1052-1053 (Pa. 2003). However, when testimony comes in the form of a deposition, the WCJ must articulate objective bases for making a credibility determination. Id. The purpose of requiring the WCJ to state the reasons for his or her credibility determinations is to enable the appellate courts to ensure that "a legally erroneous basis for a finding will not lie undiscovered." PEC Contracting Engineers v. Workers' Comp. Appeal Bd. (Hutchison), 717 A.2d 1086, 1088 (Pa. Cmwlth. 1998). The credibility determinations of the WCJ will not be set aside unless they are arbitrary or capricious. Lehigh Cnty. Vo-Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe), 652 A.2d 797, 800 (Pa. 1995).

Here, the WCJ found that Claimant was not credible. (FOF ¶ 8.) At the outset, we note that the WCJ was able to observe Claimant's demeanor during the hearing, and was therefore able to issue a credibility assessment solely on that basis. Daniels, 828 A.2d at 1053. Also noteworthy are the WCJ's following observations: (1) Claimant was unable to produce any evidence corroborating his assertion that Employer assigned him five locations on the day of the Accident; (2) Claimant was unable to recall even the name of the shop where Claimant allegedly had his vehicle repaired; (3) Claimant was evasive and dishonest during the WCJ's questioning; and (4) when prompted by emergency room personnel for employment information, Claimant provided the information for the courier company Claimant had been operating, rather than the information for Employer. (Id.) Because each of these factors is an objective basis which allows us to identify

8

the reason the WCJ deemed Claimant to be not credible, the WCJ's credibility determination of Claimant is reasoned, and not arbitrary. Daniels, 828 A.2d at 1053. Moreover, the WCJ provided sufficient reasons regarding his credibility determination of Claimant to enable this Court to ensure that "a legally erroneous basis for a finding [does] not lie undiscovered." PEC Contracting, 717 A.2d at 1088. Accordingly, we conclude that the WCJ's credibility determination of Claimant was not arbitrary or capricious, and therefore, it is binding on appeal. Lehigh Cnty., 652 A.2d at 800.

We now consider the WCJ's rejection of Dr. Ferrara's testimony. Dr. Ferrara submitted his testimony by deposition. (R.R. at 89a-106a.) Therefore, the WCJ must articulate objective reasons for determining that he was not credible. Daniels, 828 A.2d at 1053. The WCJ made the following Finding of Fact regarding the credibility of Dr. Ferrara:

> This Judge has reviewed and considered the entire deposition of Dr. Ferrara and finds him to be not credible. He reviewed none of the medical records from Claimant's 2010 treatment or the 2012 MRI, and minimal records following the accident that pre-dated Claimant's first visit to his practice. He therefore relied on Claimant's history to him, which has been found to be not credible. Dr. Ferrara examined Claimant on only one occasion and had his physician's assistant conduct the other examinations, including the initial one.

(FOF ¶ 9.) We discern two sufficient bases on which the WCJ could have discredited Dr. Ferrara: (1) Dr. Ferrara did not review substantial portions of Claimant's medical history; and (2) Dr. Ferrara conducted limited examination of Claimant (only one in-person examination). These are objective bases on which the WCJ could find Dr. Ferrara not credible. See Pryor v. Workers' Comp. Appeal Bd. (Colin Service Systems), 923 A.2d 1197, 1205 (Pa. Cmwlth. 2006) (affirming

9

the WCJ's decision to discredit the testimony of a medical expert who did not see an MRI film and who did not review prior medical history); PEC Contracting, 717 A.2d at 1089 (affirming the WCJ's decision to discredit testimony of a medical expert who briefly examined the claimant on only two occasions). Moreover, Dr. Ferrara had to rely upon the discredited testimony of Claimant in order to form his diagnosis. In light of these objective reasons, we conclude that the WCJ's decision to discredit the deposition testimony of Dr. Ferrara was neither arbitrary nor capricious.[3]

Claimant also argues that Dr. Sachs conceded the existence of an injury. Contrary to Claimant's suggestion, Dr. Sachs did not unequivocally testify that Claimant was injured in the Accident. Dr. Sachs testified in his deposition that, in his opinion, "all" the issues with Claimant's lumbar spine were age-related.[4] (R.R. at 126a.) Dr. Sachs explained that since he did not see Claimant until December 6, 2013 (almost four months after the accident), he could not authoritatively say whether or not Claimant was injured in the accident, but he did opine that Claimant

---

[3] Claimant also argues that, to the extent Dr. Ferrara was uncontroverted, the WCJ capriciously disregarded his testimony. We note that there is a difference between capricious disregard and rejection of testimony. Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works), 862 A.2d 137, 145 (Pa. Cmwlth. 2004). As in Williams, the WCJ here made a detailed and lengthy description of the deposition testimony of Dr. Ferrara. (FOF ¶ 4.) Moreover, as in Williams, the WCJ rejected Dr. Ferrara as not credible. (FOF ¶ 9.) As we noted in Williams: "a rejection of testimony is not a disregard therefor, but simply a rejection. A capricious disregard of evidence occurs only when the fact-finder deliberately ignores relevant, competent evidence." Williams, 862 A.2d at 145. Here, in light of the WCJ's thorough recitation of the testimony of Dr. Ferrara and credibility determination, we cannot find that the WCJ capriciously disregarded Dr. Ferrara's testimony.

[4] While it is true that on cross-examination, Dr. Sachs stated that he had no reason to doubt that Claimant was involved in an auto accident and that Claimant's post-discharge instructions were consistent with "some kind of injury," (R.R at 154a-55a, 159a), this does not accurately recount the entirety of Dr. Sachs' testimony.

was fully recovered of any injuries he may have received. (R.R. at 147a-48a.) Moreover, Dr. Sachs stated that the changes in Claimant's spine were "not post-traumatic changes." (R.R at 165a.) Also, on re-direct examination, he agreed that just because Claimant complained of pain did not make Claimant's story true. (R.R. at 174a-75a.) Accordingly, the testimony of Dr. Sachs does not support a finding that Claimant sustained a disabling injury as a result of the Accident.

After review of the foregoing, we conclude that Claimant has not adduced any credible testimony which supports the existence of his alleged injury. The WCJ discredited the testimony of Claimant and Dr. Ferrara (both of whom testified to the existence of an injury). Additionally, Dr. Sachs did not concede the existence of an injury. Therefore, we conclude that Claimant has not proved the existence of a disabling injury. Because Claimant did not prove the existence of an injury, he has not carried his burden on the Petition. McCabe, 806 A.2d at 515-16. Therefore, it was not an error for the WCJ to deny Claimant's Petition.[5]

We acknowledge that Claimant devotes most of his brief to his argument that he was a traveling employee and, consequently, that the WCJ should have presumed that Claimant was in the course of his employment at the time of the alleged injury. However, the WCJ rejected Claimant's evidence that he was acting in the course of his employment, albeit with little explanation as to the WCJ's rationale beyond the WCJ's findings that Claimant was commuting home at the time of the Accident and, generally, was not credible. (FOF ¶ 8.) While the WCJ did not set forth his analysis on this issue, we conclude, as the Board did, that even

---

[5] While it is true that the WCJ concluded that Claimant did not meet his burden of proof as to course of employment, (COL ¶ 2), we, like the Board, "may affirm the order . . . on other grounds where such other grounds to affirm exist." Chrzan v. Workers' Comp. Appeal Bd. (Allied Corp.), 805 A.2d 42, 47 n.10 (Pa. Cmwlth. 2002).

if the WCJ did err, such error is harmless because Claimant did not meet his burden of proving that he suffered a disabling injury.

Accordingly, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John West,                                              :
                              Petitioner               :
                                                       :
              v.                                       :    No. 2165 C.D. 2015
                                                       :
Workers' Compensation Appeal                           :
Board (Street Delivery.Com. Inc.),                     :
                              Respondent                :

# **O R D E R**

**NOW**, July 26, 2016, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge