IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joy Cone Company,                        :
                        Petitioner       :
                                         :
              v.                         :
                                         :
Workers' Compensation                    :
Appeal Board (Fluent),                   :    No. 1066 C.D. 2016
                        Respondent       :    Submitted: February 10, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                        FILED: August 4, 2017


        Joy Cone Company (Employer) seeks review of the Opinion and
Order of the Workers' Compensation Appeal Board (Board) dated June 8, 2016,
affirming the Decision and Order of the Workers' Compensation Judge (WCJ),
which granted disability benefits to Elaine Fluent (Claimant) for the period of
April 1, 2013 through March 14, 2014, with a credit to Employer for income
earned during that time.  Upon review, we affirm.

        Claimant worked for Employer as a packer from January 3, 2005
through October 3, 2014.  Claimant has a history of low back issues and a prior
diagnosis of herniated discs at three levels of her lumbar spine.  Employer
accommodated Claimant's restrictions and provided benefits for those periods
during which Claimant could not work due to back pain.  On April 1, 2013,

Claimant injured her back at work while unwrapping a pallet of material with plastic wrap. She reported the injury to Employer, who sent her for a health evaluation at Corporate Health Services. Following an examination on April 2, 2013, Claimant was released to return to work with her pre-injury restrictions. Claimant returned to work on April 4, 2013 and continued working until April 19, 2013. Claimant was examined twice more at Corporate Health Services, on April 11, 2013 and April 22, 2013. Both times she was released to work with her pre-injury restrictions by Employer's physician, Dr. Shaughnessy (Dr. Shaughnessy).

Claimant was subsequently examined by Dr. Shaughnessy in his private office on April 24, 2013. Thereafter, Claimant presented Employer a disability slip indicating that she could only work in a ten-pound capacity. Employer did not have work within these restrictions, so Claimant was out of work from April 25, 2013 until November 18, 2013, at which time Claimant returned to her pre-injury level of activity. Claimant underwent back surgery in January 2014 and returned to work on March 31, 2014. She continued to perform at her pre-injury level until October 3, 2014, when she resigned for reasons unrelated to the work injury.

On August 12, 2015, the Workers' Compensation Judge (WCJ) granted Claimant's Claim petition, awarded temporary total and/or partial disability indemnity benefits beginning April 1, 2013 and concluding with a termination of benefits on March 31, 2014. Employer was directed to pay for medical benefits attributable to the April 1, 2013 work injury, concluding with the termination of benefits effective March 15, 2014.[1] The WCJ granted a credit for

---

[1] The WCJ sets forth three dates for termination of benefits in his order, March 14, 2014, March 15, 2014, and March 31, 2014. As the WCJ found Claimant recovered from the workplace injury on March 31, 2014, we presume the latest date is the correct one.

2

benefits paid for the period of April 25, 2013 through November 18, 2013 and for any income earned during that time frame. The Board affirmed the WCJ's decision in an Opinion dated June 8, 2016. This appeal[2] followed.

## DISCUSSION

Employer presents the following four issues on appeal:

I. Whether the Board erred as a matter of law by affirming the WCJ's conclusion that Claimant sustained a disc herniation at work.

II. Whether the Board erred as a matter of law by affirming the WCJ's conclusion that Claimant met her burden in presenting credible evidence of disability due to her work-related injury.

III. Whether the Board erred as a matter of law by failing to acknowledge that Claimant was fully recovered and back to her pre-injury baseline condition as of November 17, 2013, when she was released by her doctor and returned to work.

IV. Whether the Board erred as a matter of law by affirming a WCJ's decision that was internally inconsistent in regard to Claimant's credibility and the award of benefits.

Since Employer's first three issues pertain to whether the Board erred as a matter of law regarding the WCJ's conclusions, we will address those together.

_____

[2] This Court's appellate review of an order of the Board is limited to whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison),* 819 A.2d 164 (Pa. Cmwlth. 2003).

3

Employer argues the WCJ erred in failing to acknowledge medical reports which documented Claimant's complaints of leg and back pain in 2010. The medical records, it is claimed, directly contradicted Claimant's testimony that her back condition was not serious prior to the April 1, 2013 injury because medical records indicated she complained of leg pain and was taking narcotics for those symptoms prior to the workplace injury. Employer insists the finding of the WCJ that Claimant's disk herniation was sustained in the April 1, 2013 injury is not supported by substantial evidence.

Next, Employer notes conflicts between Claimant's testimony that she was inactive due to pain in her legs and back after April 1, 2013 and a note in Claimant's medical chart from July 9, 2013, which indicates Claimant kayaked 7-8 miles per day, ran 3 miles a day, and lifted her 35-pound daughter with minimal pain. Employer cites the decision of the WCJ, in which he acknowledged that the evidence of record indicated Claimant participated in physically demanding activities at odds with her contention of total disability from employment.

Finally, Employer argues that Claimant made misrepresentations essential to her entitlement to benefits. Employer asserts the WCJ felt uncomfortable denying benefits despite Claimant's misrepresentations and, therefore, the grant of benefits was error. Further, Employer argues the WCJ did not properly credit Claimant's testimony on November 20, 2013 that she was back to baseline after the April 1, 2013 incident. Had the WCJ done so, Employer would not be responsible for medical care or disability after November 17, 2013.

On appeal, the Board found no error in the WCJ's decision. (Reproduced Record (R.R.) at 244a.) Claimant testified in person before the WCJ

4

and the Board found the WCJ justified in accepting Claimant's testimony as sufficiently credible. *Id.*

In challenges to the findings of the WCJ, the Board or reviewing court must simply determine whether, upon consideration of the evidence as a whole, the referee's findings have the requisite measure of support in the record. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 437 (Pa. 1992). Where the Board has taken no additional evidence, the Board is required to accept facts found by the WCJ if they are supported by competent evidence. *Birmingham Fire Ins. Co. v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96, 98 (Pa.Cmwlth. 1995). On appeal from a decision of the Board, this Court must view the evidence in the light most favorable to the prevailing party below. *Id.* Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that evidence of record supports a factual finding contrary to that of the WCJ, rather, the pertinent inquiry is whether evidence exists which supports the WCJ's factual finding. *McCabe v. Workers' Compensation Appeal Board (Department of Revenue)*, 806 A.2d 512, 515 (Pa. Cmwlth. 2002).

In suggesting Claimant's abilities were not as limited as she claimed during the period following the April 1, 2013 incident through November 18, 2013, Employer relies to a great degree on a single note contained in Claimant's medical records. Made on July 9, 2013 by Robin Molaskey, D.O., following an appointment with Claimant, the note suggests Claimant was kayaking 7-8 miles per day, running 3 miles a day, and lifting her 35-pound daughter with minimal pain up until two weeks prior to the date of that appointment. (R.R. at 146a.) In response to questioning about that note, Claimant testified it was "more like a

5

history" and there was "no way" she could have engaged in those activities at that time. *Id.* at 199a. Claimant admitted to having gone kayaking with her boyfriend perhaps once or twice, but alleged she was "basically just sitting there" and she did not carry the kayak at all. *Id.* at 198a. Claimant testified that, when instructing her dance students, she sat on a stool and would demonstrate positions with her arms, but she never actively participated or performed dance moves "other than maybe tap [her] toe." *Id.* at 193a. While Claimant attended an out-of-town dance training, she did not participate, but took notes and watched the other participants dance. *Id.* at 192a. Claimant did not teach dance during the summer of 2013 as the studio closes in the beginning of June until September. *Id.* at 30a.

Jon Levy, M.D. (Dr. Levy) performed an independent medical exam (IME) of Claimant on June 11, 2014 and testified as follows. At the time of that exam, Claimant advised Dr. Levy she was released to full duty by her treating physician, but her employer continued to restrict her to modified duty. (R.R. at 71a.) Following the surgery, Claimant said she was able to walk, run, kayak, and teach dance. (R.R. at 74a.) Dr. Levy described Claimant as "begging [him] to lift all restrictions," and claiming she could do anything she wished. (R.R. at 82a.) Dr. Levy deemed her fully recovered from the April 1, 2013 injury as of the date of the IME. (R.R. at 83a.) He did not believe the surgery in January was related to the April 1, 2013 injury. (R.R. at 86a.) Dr. Levy did acknowledge, however, a note from Claimant's medical records dated May 16, 2013, which referenced a "recurrent disc herniation, which means you had a herniated disc before and you herniated it again." (R.R. at 96a.) He admitted it was "possible" Claimant's description of the April 1, 2013 incident was consistent with herniating a disc. *Id.*

6

Dr. Levy did not contest the necessity of the surgery and stated it "helped her." *Id.* at 97a.

Dr. Shaughnessy submitted a report of the treatment he provided Claimant both at Corporate Health Services and in his private office. (Claimant's Exhibit 3 at 1.) Dr. Shaughnessy treated Claimant prior to and following the April 1, 2013 injury. *Id.* When Dr. Shaughnessy last examined Claimant in June 2013, he continued the 10-pound lifting restriction and referred Claimant for surgery. *Id.* at 2. Dr. Shaughnessy opined that, within a reasonable degree of medical certainty, Claimant suffered a lumbar disc herniation and lumbar radiculopathy as a work injury on April 1, 2013. *Id.*

At no time did Claimant deny her history of back problems. While Claimant's testimony that she had not had pain in her legs prior to the April 1, 2013 injury may conflict with notes contained in her medical records, it is clear the WCJ considered those conflicts in testimony and the Claimant's credibility but granted the claim petition "given the totality of the evidence of record, inclusive of the medical evidence." (R.R. at 225a.) The medical evidence provided by Dr. Shaughnessy was specifically referenced in the WCJ's opinion as having been deemed "sufficiently credible." *Id.*

Next, Employer argues the Board erred when it affirmed a WCJ's decision which was inconsistent in regard to the Claimant's credibility and the award of benefits. The WCJ stated that the totality of the evidence of record suggests a denial of benefits would be less equitable than granting benefits. (R.R. at 225a.) Employer argues that the Workers' Compensation Act[3] (Act) is not an equitable statute and it has specific rules and standards that must be met before an

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

employee may be awarded benefits.[4] Employer claims the WCJ should have found Claimant had a temporary and transitory aggravation of a long-standing preexisting condition, not a work-related disability.

Essentially reiterating its earlier arguments, Employer refers to notes in medical charts that indicate Claimant returned to baseline after the April 1, 2013 work injury and that she also engaged in kayaking and dancing. Employer contends these activities are contrary to Claimant's contention of total disability from employment. The essence of Employer's argument here goes toward the credibility of the witnesses.

The authority of the WCJ over questions of credibility, conflicting medical evidence, and evidentiary weight is unquestioned. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995). As the sole authority for determining the weight and credibility of evidence, the WCJ is free to accept or reject the testimony of any witness, in whole or in part. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997).

The WCJ has the ability to credit or discredit relevant evidence as long as his findings of fact are supported by substantial evidence. The WCJ heard testimony from Employer and Claimant as well as the Employer's physician and reviewed the medical records of Claimant. He looked at the totality of the evidence of record and made his decision. The WCJ deemed the evidence sufficiently credible to support Claimant's contention of disability for the time periods beginning April 1, 2013 through March 14, 2014 and granted the Employer

---

[4] Curiously, Employer asserts that any grant or denial of benefits must be rooted in substantial competent evidence of record, and not in principles of equity. (Employer's Brief at 30.)

8

a credit for income received during that time.  After reviewing the record, we discern no error in the WCJ's credibility determinations.

For these reasons, we affirm the order of the Board.


_____
JOSEPH M. COSGROVE, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joy Cone Company,                          :
                Petitioner                 :
                                    :
          v.                               :
                                    :
Workers' Compensation                      :
Appeal Board (Fluent),                     :     No. 1066 C.D. 2016
                Respondent             :

### O R D E R

AND NOW, this 4th day of August, 2017, the June 8, 2016 Order of the Workers' Compensation Appeal Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge